(111 So. 647)

## McCORMICK v. STATE.     (7 Div. 288.) *

(Court of Appeals of Alabama.  Feb. 1, 1927.
Rehearing Denied March 8, 1927.)

Criminal law ⬦⟿786(2)—Instruction to consider defendant's testimony along with all other evidence, giving it consideration jury thought it should receive, held proper.

Instruction, in trial for criminal assault, that defendant was competent witness, and jury was not to disregard his testimony merely because he was defendant, but should consider it in connection with all other testimony, and give it such consideration as they thought it should receive, *held* unobjectionable.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Monroe McCormick was convicted of an assault, and he appeals. Affirmed.

Defendant reserved an exception to the following excerpt from the oral charge of the court:

"The defendant is a competent witness in his own behalf, and entitled to take the witness stand and give us his version of the transaction, and you are not to captiously or capriciously set it aside or disregard it merely because he is the defendant in the case, but you

⬦⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Petition for certiorari dismissed 112 So. —.

consider it in the light of all the testimony in the case and in connection with all other testimony in the case, and give it just such consideration as you think it should receive at your hands in your search for the truth."

E. O. McCord & Son, of Gadsden, for appellant.

The oral charge is in error in instructing the jury to consider the testimony of the defendant in the light of the testimony, etc. The rule is that the jury may so consider defendant's testimony. Miller v. State, ante, p. 283, 107 So. 721; Mann v. State, 20 Ala. App. 540, 103 So. 604.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. We can find no fault with the portions of the trial court's oral charge made the basis of exceptions by appellant. The court did no more than tell the jury that defendant's (appellant's) testimony should be considered in the light of all the other testimony in the case, and this was permissible.

The other exceptions reserved have each been examined, and in none of the rulings complained of do we find prejudicial error. The case seems to have been fairly tried, and the judgment is affirmed.

Affirmed.